IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-02717-WJM-NYW

THE FAIRWAY 16 HEATHERRIDGE ASSOCIATION,

   Plaintiff,

v.

AMERICAN FAMILY MUTUAL INSURANCE COMPANY,

   Defendant.
_____

# ORDER
_____

Magistrate Judge Nina Y. Wang

   This matter is before the court on the Motion to Amend Discovery Deadline to Allow Additional Discovery ("Motion"). [#58, filed Nov. 18, 2015]. This matter was referred to this Magistrate Judge pursuant to the Reassignment dated February 10, 2015 [#20] and the Memorandum dated November 18, 2015 [#59]. Brief argument on the pending Motion was held during the Final Pretrial Conference on December 3, 2015, and the court deferred ruling on the Motion until Plaintiff had an opportunity to file a Reply. [#62]. Plaintiff filed its Reply on December 8, 2015 [#65]. Having reviewed the Parties' briefing, the applicable case law, the case file, and being fully advised of the premises, this court hereby DENIES the Motion for the following reasons.

## BACKGROUND

   Plaintiff The Fairway 17 Heatherridge Association ("Plaintiff") moves the court to allow discovery after the September 1, 2015 discovery cutoff date regarding a weather or hail report from Weather Decision Technologies, Inc. ("Weather Report"). [#58 at 1]. Plaintiff seeks an

extension so that it may serve a Rule 45 subpoena on a third party, Weather Technologies Decisions, Inc. [#58 at 2]. Plaintiff states that the Weather Report was ordered by Defendant from Weather Technologies Decisions, Inc. on January 22, 2014 for an "event date" of September 14, 2013 and an "event location" of 2610 S. Vaughn Way, Aurora, CO 80014. [*Id.* at 1]. September 14, 2013 is the Date of Loss and 2610 S. Vaughn Way is the address of one of Plaintiff's buildings that is the subject of the claim at issue in this case. [*Id.*].

The discovery cutoff was originally August 10, 2015, but was extended to September 1, 2015 upon joint motion of the Parties because of scheduling conflicts with potential experts. [#38]. Defendant was granted a fifteen-day extension of the discovery cutoff to September 15, 2015 to allow additional time for it to serve responses to written discovery requests. [#45]. Plaintiff filed the present Motion requesting another extension of the discovery cutoff to pursue discovery of the Weather Report on November 18, 2015. [#58].

Plaintiff claims that the earliest it could have become aware that Defendant had not produced the Weather Report was September 16, 2015, when Defendant served discovery responses. [#58 at 6]. Plaintiff states that the parties' representatives conferred about the lack of production of the Weather Report on October 9, 2015, November 6, 2015, and November 10, 2015. [#58 at 2-3].

## ANALYSIS

Motions to amend a Scheduling Order must be made pursuant to Rule 16(b)(4) for good cause, and amendments are granted with the judge's consent. Fed. R. Civ. P. 16(b)(4). Good cause is not simply inconvenience to counsel; a party must demonstrate that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay. *Lehman Bros. Hldgs, Inc. v. Universal American Mortg'g Co., LLC*, 300 F.R.D. 678,

681 (D. Colo. 2014). The good cause standard "primarily considers the diligence of the party seeking the amendment." *Dag Enters., Inc. v. ExxonMobil Corp.*, 226 F.R.D. 95, 105 (D.D.C. 2005) ("[m]ere failure on the part of counsel to proceed promptly with the normal processes of discovery and trial preparation should not be considered good cause"). Lack of prejudice to the nonmovant or lack of bad faith on the part of the moving party do not constitute "good cause." *See Colorado Visonary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000).

In this case, the court finds that Plaintiff has not shown good cause for an amendment to the Scheduling Order to allow discovery of the Weather Report. Plaintiff has not established that even if it had it been diligent, it would have not been able to obtain the Weather Report during fact discovery. Defendant provides evidence in its response in opposition to the Motion that Plaintiff had evidence of the possible existence of the Weather Report since at least January 2015. *See* [#61 at 4]. As part of the Initial Disclosures propounded on January 12, 2015, Defendant identified invoices from Weather Decision Technologies. [#61-2 at 5]. The Initial Disclosures do not identify the actual Weather Report for Weather Decision Technologies. [*Id.*].

Plaintiff does not, however, identify any efforts that it made prior to the close of discovery to identify or specifically request production of the Weather Report, other than the discovery requests that were propounded July 30, 2015. [#58 at 4]. The deadline to complete discovery was originally August 10, 2015 [#19 at 10], and then was extended to September 1, 2015 upon joint motion of the Parties due to the scheduling conflicts of potential experts. [#38]. Had the court not extended discovery by its Order dated July 28, 2015, Plaintiff's discovery requests that were propounded two days later would have already been untimely. While it is the prerogative of Plaintiff to await the end of discovery to seek information, such delay does not establish diligence or constitute good cause under Rule 16(b).

The court also notes that Plaintiff was not diligent after the service of the discovery responses and the close of discovery to try to obtain the Weather Report. Plaintiff did not seek the Weather Report specifically from Plaintiff until October 9, 2015. [#58 at 5]. By that point, discovery had been closed for over a month; dispositive motions had been briefed [#46, #47]; and the Final Pretrial Conference in which the Parties had to identify their exhibits was quickly approaching. Plaintiff states that it conferred with Defendant on three occasions after the close of discovery, the first two of which were separated by almost a month. Yet Plaintiff failed to file the instant motion until November 18, 2015 [#58], over two months after discovery closed and two weeks prior to the Final Pretrial Conference. Plaintiff's further delay in seeking relief from this court also does not reflect diligence required by Rule 16(b).

Therefore, **IT IS ORDERED** that:

(1) Plaintiff's Motion to Amend Discovery Deadline to Allow Additional Discovery. [#58] is **DENIED**.

DATED: January 7, 2016

BY THE COURT:

*s/* Nina Y. Wang_____
United States Magistrate Judge